UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GEORGE MARTIN,

        Plaintiff,

  v.                                       CAUSE NO. 3:20-CV-696-DRL-MGG

TERRY REDDEN *et al.*,

        Defendants.

## OPINION & ORDER

George Martin, a prisoner without a lawyer, filed an amended complaint against four defendants. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

In his amended complaint, Mr. Martin alleges that, on April 23, 2020, Lt. Terry Redden, Lt. A. Neal, Sgt. J. Canterberry, and Sgt. M. Thompson assaulted him in D Cellhouse (DCH) at the Indiana State Prison. ECF 4-1 at 3. He states that Lt. Redden initially punched him in the face on the stairs leading to the flag in DCH. *Id*. Mr. Martin next claims that Sgt. Canterberry slammed his face into the wall and concrete pillars at the end of the ranges of 200, 300, and 400 West in DCH. *Id*. Next, he asserts that Sgt.

Thompson punched him in the face on the stairs of 300 and 400 West in DCH. *Id*. Mr. Martin alleges that, after he fell down from the impact of Sgt. Thompson's punch, Sgt. Thompson kicked him in the ribs and stomped on his head. *Id*. He also claims that, when Lt. Neal removed him from DCH and took him to the medical unit, Lt. Neal dragged him across the floor by the chain of his handcuffs, which caused his shoulders and wrist to be unnaturally twisted and injured. *Id*.

When he arrived at the medical unit, Mr. Martin asserts that Sgt. Canterberry and Lt. Neal told Nurses Tiffany and Stephanie that he had tried to assault Sgt. Thompson. ECF 4-1 at 4. He claims that Nurse Tiffany told him to get the "f*** out of here. We are not treating him." *Id*. He asserts that Lt. Redden and Lt. Neal took him to the medical unit's shower area where Lt. Neal grabbed him by the throat and forced him under scalding water while Lt. Redden punched him in the face and slammed his head against the wall. *Id*. Mr. Martin claims that Lt. Neal then threw him on the ground, kicked him in the ribs, and stomped on his back. *Id*. Lt. Redden next kicked him in his nose, in his right eye, and on the top of his head, which resulted in multiple cuts to these areas. *Id*. He states Sgt. Canterberry took two pictures as Lt. Neal and Lt. Redden stood by and laughed at him. *Id*. Mr. Martin asserts he was then taken to the Special Management Cell (SMC) and remained there until May 18, 2020. *Id*. He claims that, while he was in the SMC, he was refused medical attention, and his mail, phone privileges, and property were taken from him in retaliation for allegedly assaulting prison staff. *Id*.

Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The "core requirement"

for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Mr. Martin the inferences to which he is entitled at this stage, he has stated an Eighth Amendment claim of excessive force against Lt. Terry Redden, Lt. A. Neal, Sgt. J. Canterberry, and Sgt. M. Thompson for allegedly assaulting him on April 23, 2020. He has not named any other defendant for any other claim here.

Mr. Martin also claims that the defendants in this case retaliated against him because he allegedly assaulted prison staff. ECF 4-1 at 4. "To prevail on his First Amendment retaliation claim, [Mr. Martin] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Because Mr. Martin has not alleged that he engaged in protected activity, he cannot proceed on his retaliation claim.

For these reasons, the court:

(1) GRANTS George Martin leave to proceed against Lt. Terry Redden, Lt. A. Neal, Sgt. J. Canterberry, and Sgt. M. Thompson in their individual capacities for money

damages, for using excessive force when they allegedly assaulted him on April 23, 2020, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Lt. Terry Redden, Lt. A. Neal, Sgt. J. Canterberry, and Sgt. M. Thompson at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 4-1), pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS the Indiana Department of Correction to provide the United States Marshals Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of each defendant, if they do not waive service, if it has such information; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Lt. Terry Redden, Lt. A. Neal, Sgt. J. Canterberry, and Sgt. M. Thompson respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

January 5, 2021                             *s/ Damon R. Leichty*
                                            Judge, United States District Court